## Kroll et al. v. Jaroszenski.

*Evidence—Testimony—Inference based on inference.*

Defendant having sold to plaintiff his house, including the lighting fixtures therein, retained possession for several months, and when he turned over the property to plaintiff the fixtures had been removed. Plaintiff sued for their value. At trial the evidence indicated that two men had carried the fixtures from the house, but did not show that the defendant was present or had any knowledge of their removal at that time. The only other evidence was the alleged statement of defendant that his wife was responsible for their removal. The jury found for plaintiff: Held, that while it might be inferred from the testimony that the removal was under order or authority of the wife, yet, in order to connect defendant with it, there would have to be a further inference that she was acting under instruction or compulsion of her husband; the latter inference could only be based on the former, and this was not permissible. Defendant's rule for judgment *n. o. v.* was made absolute.

Rule for judgment *n. o. v.*   C. P. Berks Co., June T., 1921, No. 136.

*S. M. Meredith,* for plaintiffs; *John B. Stevens,* for defendant and rule.

BIDDLE, P. J., 9th judicial district, specially presiding, Aug. 24, 1923.—This was an action in trespass brought by the plaintiffs to recover the value of certain light fixtures, the property of the plaintiffs, alleged to have been removed by the defendant. The evidence showed that the defendant sold a house in Reading to the plaintiffs; that, at the time of the sale, he agreed that the light fixtures should go with the house for the consideration agreed upon. The defendant retained possession of the house for some months after the title had passed to the plaintiffs, and when he surrendered possession finally to the plaintiffs, the light fixtures were missing. Anthony Kroll, one of the plaintiffs, complained to the defendant, who told him that defendant's wife was responsible for the disappearance of the fixtures. Beyond this conversation there was nothing whatever to connect the defendant with the removal of the fixtures. One of the plaintiffs' witnesses testified to seeing two men carrying the fixtures from the house, but there was nothing to show that the defendant was present at the time or had any knowledge of their removal at the time.

At the conclusion of the plaintiffs' case, the defendant first moved for a compulsory non-suit, and when that was refused, presented a point asking for binding instructions. This also was refused. A verdict in favor of the plaintiffs was rendered by the jury, and the defendant then obtained this rule for judgment *n. o. v.*

At the conclusion of the trial, we had considerable doubt as to the propriety of submitting the case to the jury, and a careful re-examination of the testimony convinces us that the defendant's point should have been affirmed.

As stated before, there was nothing whatever to connect him directly with the removal of the light fixtures. From the remark that it was testified that he made, it might be inferred that the removal of these fixtures was done under order from, or on authority of, his wife, and the plaintiffs' contention is that from this it may be further inferred that the wife was acting under compulsion or instruction of her husband; but this latter inference can only be based upon the preceding inference, and this is not permissible. This latter inference excluded, therefore, there was no testimony connecting the defendant with the removal of the light fixtures, and he was, therefore, entitled to an affirmance of his point for binding instructions.

And now, Aug. 24, 1923, the rule for judgment *n. o. v.* is made absolute.

From Wellington M. Bertolet, Reading, Pa.